FILED
SUPERIOR COURT
OF GUAM

2018 JAN 24 PM 4: 09

CLERK OF COURT

BY_____ ᴜ/ᗷ

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>SEBASTIAN MICHAEL P. SMITH,<br>DOB: 07/07/1994<br>VICTORIA CLAUDINE PETTY,<br>DON: 09/23/1969<br><br>Defendants. | S.C. Criminal Case No.: CM0410-17<br>GPD Case no. 17-19526<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Arthur R. Barcinas. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendants' Motion for Civil Compromise was taken under advisement on October 27, 2017. The People are represented by Assistant Attorney General Joseph A. Perez. Defendant Sebastian Michael P. Smith is represented by Attorney Terence E. Timblin and Defendant Victoria Claudine Petty is represented by Attorney Samuel S. Teker. Having considered the papers, pleadings, and file herein, the Court now DENIES Defendants' request.

## BACKGROUND

On July 14, 2017, a complaint was entered accusing Defendant Smith and Defendant Petty of one count each of Family Violence (As a Misdemeanor). The People assert that the charges arise out of an alleged incident where Defendants were arguing in their shared home.

The argument escalated to the point where items were being thrown around the kitchen, and N.V.S. (Defendant Petty's other son, a minor) intervened and was involved in a physical confrontation with Defendant Smith.

On September 12, 2017, Defendant Petty filed a Motion for Civil Compromise. The Motion includes a memorandum in which Defendant Petty declares that she and Defendant Smith had agreed to reimburse each other for property damaged during the incident.

On September 15, 2017, Defendant Smith filed a Joinder in Defendant Petty's Motion for Civil Compromise.

On October 13, 2017, Assistant Attorney General Joseph A. Perez filed the People's Opposition to Defendants Smith and Petty's Motion for Civil Compromise. The People's Opposition is grounded on the basis that this case involves more than merely property damage, but also involves violence displayed in front of a minor (N.V.S), who was injured during the altercation.

## DISCUSSION

Section 80.90 of Title 8 of the Guam Code regulates motions for civil compromise. It provides:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 GCA § 80.90 (2015).

Defendants request that this matter be dismissed. In support of their request, Defendants argue and assert that they have reimbursed each other and therefore received satisfaction for their injuries.

## I.  Defendant Sebastian Michael P. Smith

According to the Magistrate's Complaint, Defendant Smith is not being charged with Family Violence due to his altercation with Defendant Petty, but rather because of his altercation with N.V.S., a minor at the time of the incident. Because 8 GCA § 80.90 requires an appearance of the injured person in order for the criminal action to be dismissed, the Court cannot grant the Motion for Civil Compromise as to Defendant Smith without an appearance by N.V.S. and an acknowledgement that N.V.S. has received satisfaction for the injury. The Court has not been provided with a Declaration of the Victim or any other evidence to support the position that N.V.S. has received satisfaction, whether monetary or otherwise, for the injury. Because Defendant Smith has not provided evidence of this satisfaction, the Court cannot further consider his Motion for Civil Compromise.

## II.  Defendant Victoria Claudine Petty

Although Defendant Petty was not charged with assaulting N.V.S., she was involved in a violent altercation in the presence of N.V.S.

The Court must now determine the application of civil compromise in family violence cases. In doing so the Court looks to the laws of California, which served as the basis for Guam's civil compromise statute, for guidance. California law prohibits the application of civil compromise to cases involving domestic violence. The California law which served as the model for Guam's civil compromise statute states:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in Section 1378 , except when it is committed as follows:
> (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
> (b) Riotously.
> (c) With an intent to commit a felony.
> (d) In violation of any court order as described in Section 273.6 or 273.65.

*(e) By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.*

(f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.

(g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code § 1377 (italics added).

The rationale of prohibiting civil compromise in cases of domestic violence exists not only because it is difficult to determine whether or not an alleged victim has actually "received satisfaction for the injury," but because the prosecution of family violence is of interest to the public. In the present case, the public have an interest in prosecuting Defendant Petty for engaging in a violent altercation in the presence of a minor child, regardless of whether Defendant Smith believes that he has received satisfaction for his injury.

In applying 8 GCA § 80.90, this Court has found that crimes of family violence are not generally the type for which adequate satisfaction can be readily shown. People v. Kinsella Criminal Case No. CM1197-12, *Decision and Order on Motion for Civil Compromise* (May 3, 2013). The Court agrees with the People's recommendation that both Defendants would benefit from education, counseling, and/or treatment programs.

**CONCLUSION**

Based on the foregoing, the Defendants' Motion for Civil Compromise is denied.

**IT IS SO ORDERED** _____ JAN 2 4 2018 _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG, Timblin Teker

Date: 1 24 Time: 5pm

Deputy Clerk, Superior Court of Guam

Page 4 of 4